**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| PETER JACKSON, | ) | |
| Plaintiff, | ) | Case No. 2:10-cv-01874-LRH-PAL |
| vs. | ) | **ORDER** |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) | (Mot Strike Witnesses - Dkt. #34) |
| Defendant. | ) | |

Before the court is Defendant's Motion to Strike the Testimony of Plaintiff's Untimely Disclosed Witnesses Pursuant to FRCP 37(c)(1) (Dkt. #34). The court has considered the Motion, Plaintiff's Opposition (Dkt. #36), and Defendant's Reply (Dkt. #37).

**BACKGROUND**

The Complaint (Dkt. #1) was filed October 25, 2010. The Complaint asserts claims for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, and violation of Nevada's Unfair Claims Practices Act against his UM/UIM insurance company, Defendant American Family Mutual Insurance Company ("American Family"). His claims arise out of the May 20, 2004, automobile accident in Clark County, Nevada. Plaintiff alleges that he was struck by a third-party driver and sustained serious injuries. The third-party driver was uninsured. Plaintiff made a policy limits demand on American Family for his uninsured/under insured motorist insurance benefits. Defendants refused to pay policy limits, but allegedly offered an inadequate amount in an attempt to force the Plaintiff to accept less money.

The Defendant filed an Answer (Dkt. #6) January 18, 2011, and the parties submitted a proposed Discovery Plan and Scheduling Order (Dkt. #11) March 4, 2011, which the court did not approve. The court's Scheduling Order (Dkt. #12) established an August 31, 2011, discovery cutoff

and other deadlines generally consistent with the requirements of LR 26-1(e).  At a hearing conducted July 19, 2011, on Defendant's Motion to Enforce Insurance Contract (Dkt. #14), the parties requested an adjustment of the discovery plan and scheduling order deadlines.  The court granted a 90-day extension of the discovery plan and scheduling order deadlines, measured from July 1, 2011.  The discovery cutoff was extended to November 29, 2011, with a September 29, 2011, deadline to disclose experts, and an October 31, 2011, deadline to disclose rebuttal experts.  See Order Dkt. #20.

On December 12, 2011, Plaintiff filed an Emergency Motion to Complete Discovery (Dkt. #27).  The court held a hearing on the motion on January 6, 2012, and denied it.  The court also denied Defendant's Counter Motion for Protective Order (Dkt. #28) as moot.  In the current motion, Defendant seeks to strike three witnesses disclosed by Plaintiff for the first time on the last day of the extended discovery cutoff, November 29, 2011.  Counsel for Defendant advised the court at the January 6, 2012, hearing that these three witnesses, Byron Tulliver, Ron McCormick, and Lamont Cue had been disclosed on the last day of the discovery cutoff.  The court declined to enter any order as no motion had been filed.

Following the hearing, counsel for Defendant met and conferred with Plaintiff's counsel in an attempt to resolve this discovery dispute without the court's intervention.  Counsel for Defendant proposed striking the witnesses as untimely disclosed.  Counsel for Plaintiff contended the disclosure was timely, but offered to reopen the discovery deadlines to allow these witnesses to be deposed.  The parties reached an impasse and this motion was filed.

Defendant argues these witnesses should be excluded from testifying and stricken pursuant to Rule 37(c)(1) because they were not timely disclosed and Plaintiff's failure to timely disclose these witnesses is neither substantially justified nor harmless.  Counsel for Defendant asserts that Plaintiff's counsel knew of the existence of these witnesses throughout the case and failed to disclose them until the last day of the extended discovery cutoff.  Plaintiff served the supplemental Rule 26(a) disclosure identifying these three witnesses on November 29, 2011.  Plaintiff provided a one sentence description accompanying the supplemental disclosure that each witness was "expected to testify as to his knowledge of the injuries that Mr. Jackson sustained as a result of the incident that occurred on May 20, 2004, and any other matters pertinent hereto."

Defendant points out that the court denied the Plaintiff's motion to conduct additional discovery, after twice extending the discovery plan and scheduling order deadlines indicating that no further discovery would be allowed. Plaintiff's offer to reopen discovery to allow these three witnesses to be deposed "is tethered to his desire to depose Defendant's adjusters", which the court denied. Under these circumstances, the court should strike these late-designated witnesses, and preclude them from testifying. Additionally, defense counsel seeks an award of attorney's fees in the amount of $1,280.00 for 8 hours of attorney time at the rate of $160/hr. to prepare the motion, review an opposition, draft a reply, and appear for a hearing.

Plaintiff opposes the motion asserting the witnesses were timely disclosed on the last day of the discovery cutoff. Plaintiff represents "these witnesses were only recently discovery [sic] by Plaintiff after a diligent search for the current location of these witnesses who knew him prior to the accident that occurred almost eight years go." Defendant will suffer no prejudice, because Plaintiff's counsel has offered defense counsel an opportunity to reopen discovery on a limited basis to depose these witnesses. Additionally, Defendant filed a summary judgment motion which is pending and no hearing date on the motion has been set. Thus, "there is still plenty of time to conduct these depositions." Finally, Plaintiff asserts Defendant is merely attempting to insert procedural arguments to avoid having this case heard on the merits, and did not raise the timing of the disclosure until well over a month after the witnesses were disclosed. Finally, if the court disagrees, counsel for Plaintiff argues there is no basis to award attorney's fees because Plaintiff's counsel has attempted to work with opposing counsel to schedule depositions and reopen discovery, and there has been no bad faith or dilatory conduct on the part of Plaintiff or his counsel.

Defendant replies that Plaintiff's opposition contains no citation to legal authority. Defense counsel also argues Plaintiff should have disclosed the identity of these witnesses and then later supplemented disclosures when their contact information was learned. The contact information that Plaintiff did provide with the supplemental disclosure served November 29, 2011, consisted of two telephone numbers for these witnesses. Defense counsel asserts it is unlikely Plaintiff's counsel discovered the witnesses' phone numbers on the last day of the discovery cutoff, and that it is more likely Plaintiff's counsel has been "sitting on this information for some time" and only disclosed these

3

1  witnesses "as an afterthought." Counsel for Defendant also points out that Plaintiff's counsel did not
2  submit an affidavit or any facts to support his statement that counsel conducted a diligent search for
3  these witnesses, or detail what difficulties he had locating them. As defense counsel understands the
4  Plaintiff's opposition, these three witnesses are all friends of the Plaintiff and local witnesses. As
5  Plaintiff knew them both before and after the accident, there is no justification for their late disclosure.
6  Finally, defense counsel disputes that he waited until a month after their disclosure to object.
7  Defendant's Opposition to Plaintiff's Emergency Motion to Complete Discovery (Dkt. #28) was filed
8  December 13,2008, and objected to Plaintiff's November 29, 2011, first supplemental witness list
9  which disclosed these three new witnesses.

## DISCUSSION

Because of heavy caseloads, trial courts enter scheduling orders "to establish deadlines to foster the efficient treatment and resolution of cases." *Wong v. Regents of the University of California*, 410 F.3d 1052, 1060 (9th Cir. 2005). A trial court's case management efforts "will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines." *Id*. at 1061. Failure to comply with the scheduling order deadlines "may properly support severe sanctions and the exclusion of evidence." *Id*. The Ninth Circuit has recognized that disruption of the court's discovery plan and scheduling order "is not harmless." *Id*. at 1062.

Federal Rule of Civil Procedure 37 authorizes sanctions for a party's failure to make disclosures or cooperate in discovery. Rule 37(c)(1) provides, in relevant part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.

Federal Rule of Civil Procedure 37(c)(1).

Having reviewed and considered the moving and responsive papers, as well as the procedural history of this case, the court finds Plaintiff's disclosure of these three witnesses is not timely. Plaintiff's opposition to the motion indicates that these three witnesses, who were disclosed on the last day of the extended discovery cutoff, are friends of the Plaintiff who knew him before the March 20, 2004, accident. They were disclosed too late for Defendant to conduct formal or informal discovery.

The one-line description of their expected testimony is deficient. The only contact information provided in the untimely disclosure are the witnesses' two telephone numbers. The court finds their untimely disclosure was not substantially justified. Additionally, the court finds that their untimely disclosure was not harmless. The burden is on the party facing discovery sanctions under Rule 37(c)(1) to prove harmlessness. *Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008). Plaintiff has not met his burden.

In this case, the court rejected the parties' initial request for more than twice the amount of time deemed presumptively reasonable by LR 26-1(e) in which to conduct discovery, but gave the parties 180 days, measured from the date the parties conducted their Rule 26(f) conference, rather than from the date of the Defendant's answer, in which to complete discovery. The court also granted the parties' request for an adjustment of the discovery plan and scheduling order deadlines, and gave the parties an almost 120-day extension of the discovery plan and scheduling order deadlines. The court indicated at the hearing conducted July 19, 2011, and in written Order (Dkt. #20) that no further extensions would be allowed. Under these circumstances, Plaintiff's offer to reopen discovery to allow defense counsel an opportunity to depose these three witnesses does not render the late disclosure harmless. The parties do not have the authority amend the court's discovery plan and scheduling order deadlines, or to reopen discovery. Even if defense counsel had stipulated to reopening discovery to depose these three witnesses, the stipulation would not be binding on this court. LR 7-1(b) is explicit: "[a]ny stipulation that would interfere with any time set for completion of discovery, for hearing of a motion, or for trial, may be made only with the approval of the Court." The Plaintiff disclosed these three witnesses too late and without substantial justification. The failure to comply with the court's case management deadlines is not harmless.

For the reasons stated,

**IT IS ORDERED** that:

1. Defendant's Motion to Strike the Testimony of Plaintiff's Untimely Disclosed Witnesses Pursuant to FRCP 37(c)(1) is **GRANTED**, and Byron Tulliver, Ron McCormick, and Lamont Cue shall be precluded from testifying in Plaintiff's case in chief.

///

2.  Defendant's request for monetary sanctions is **DENIED**.

Dated this 8th day of March, 2012.

                                                        Peggy A. Leen
                                                       United States Magistrate Judge