1
2
3
4
5

6                          UNITED STATES DISTRICT COURT

7                              DISTRICT OF NEVADA

8                                    * * *

9
     PETER JACKSON, an individual            )
10                                           )        2:10-CV-01874-LRH-PAL
              Plaintiff,                      )
11                                           )
     v.                                       )        ORDER
12                                           )
     AMERICAN FAMILY MUTUAL                   )
13   INSURANCE COMPANY, a Wisconsin           )
     Corporation; DOES I through X and ROE    )
14   CORPORATIONS I through X,                )
                                             )
15            Defendants.                     )
                                             )
16   _____ )

17        Before the court is Defendant American Family Mutual Insurance Company's ("American

18   Family") Motion for Partial Summary Judgment as to Plaintiff's claims for breach of the implied

19   covenant of good faith and fair dealing, violations of NRS § 686A.310, and punitive damages

20   (#26[1]).  Plaintiff Peter Jackson filed an opposition (#32) and American Family filed a reply (#35).

21   **I.      Facts and Procedural History**

22        Plaintiff's claims arise out of a May 20, 2004, automobile accident in Clark County,

23   Nevada.  Plaintiff alleges that he was struck by an uninsured driver and sustained serious injuries.

24   Plaintiff made a policy limits demand on American Family for his uninsured/under insured motorist

25   _____

26        [1]Refers to the court's docket entry number.

1   insurance benefits.  American Family refused to pay policy limits and allegedly offered an

2   inadequate amount in an attempt to force Plaintiff to accept less money.  Plaintiff filed this action

3   on October 25, 2010, asserting four causes of action for (1) breach of contract, (2) breach of the

4   implied covenant of good faith and fair dealing, (3) unjust enrichment, and (4) violations of

5   Nevada's Unfair Claims Practices Act, NRS § 686A.310.  Following discovery, American Family

6   now moves for partial summary judgment as to Plaintiff's Second and Fourth claims for relief and

7   his prayer for punitive damages.

8   **II.      Legal Standard**

9           Summary judgment is appropriate only when the pleadings, depositions, answers to

10  interrogatories, affidavits or declarations, stipulations, admissions, and other materials in the record

11  show that "there is no genuine issue as to any material fact and the movant is entitled to judgment

12  as a matter of law." Fed. R. Civ. P. 56(a).  In assessing a motion for summary judgment, the

13  evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the

14  light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio*

15  *Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154

16  (9th Cir. 2001).

17          The moving party bears the initial burden of informing the court of the basis for its motion,

18  along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v.*

19  *Catrett*, 477 U.S. 317, 323 (1986).  On those issues for which it bears the burden of proof, the

20  moving party must make a showing that is "sufficient for the court to hold that no reasonable trier

21  of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259

22  (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

23          To successfully rebut a motion for summary judgment, the non-moving party must point to

24  facts supported by the record which demonstrate a genuine issue of material fact. *Reese v.*

25  *Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000).  A "material fact" is a fact "that might

26

2

affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate.  *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983).  A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248.  The mere existence of a scintilla of evidence in support of the party's position is insufficient to establish a genuine dispute; there must be evidence on which a jury could reasonably find for the party.  *Id*. at 252.

III.   **Discussion**

     **A.  Implied Covenant of Good Faith and Fair Dealing**

     "Every contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr., Inc. v. Washoe County*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205).  "An insurer fails to act in good faith when it refuses 'without proper cause' to compensate the insured for a loss covered by the policy." *Pemberton v. Farmers Ins. Exch*., 858 P.2d 380, 382 (Nev. 1993) (quoting *U.S. Fid. & Guar. Co. v. Peterson*, 540 P.2d 1070, 1071 (Nev. 1975)).  Such misconduct "gives rise to a breach of the covenant of good faith and fair dealing" and "constitutes 'bad faith' where the relationship between the parties is that of insurer and insured." *Id*. (citing *Peterson, supra*).

     To establish bad faith the plaintiff must show that the insurer acted unreasonably and with knowledge that there was no reasonable basis for its conduct.  *Guaranty National Ins. Co. v. Potter*, 112 Nev. 199, 206 (1996).  The insurer's conduct must reach the level of "grievous and perfidious." *Great Am. Ins. Co. v. Gen. Builders, Inc*., 113 Nev. 346, 355, 934 P.2d 257, 263 (1997).  Thus, bad faith requires more than an unreasonable act, it requires the insurer act in a deceitful manner with the awareness that the act was unreasonable.

     Here, Plaintiff claims that American Family breached the implied covenant of good faith and fair dealing by offering a settlement that was unreasonable and by failing to fully investigate

his claim.  American Family ultimately offered $16,000 in settlement, basing its offer on Plaintiff's accrued medical costs of $11,738.80, the police report citing Plaintiff as partly at fault along with the other driver, American Family's assessment of comparative fault against Plaintiff, and a report from a registered nurse to show that future medical treatment is unnecessary.  Plaintiff has demanded the policy limit of $25,000, based on accrued medical expenses of $11,738.80 and his claim that future medical treatment costs entitle him to an additional $9,600.  However, Plaintiff has failed to provide any evidence whatsoever to show that American Family's offer was unreasonable under the circumstances, or evidence of what a reasonable offer might be.  For instance, outside of the evidence of accrued medical expenses, Plaintiff has not provided any evidence to rebut American Family's finding that he was comparatively at fault, or evidence to show that future medical treatment is necessary.  Indeed, the evidence before the court establishes only that Plaintiff disagrees with American Family's valuation and settlement offer.  Because Plaintiff fails to submit evidence that American Family acted unreasonably, let alone with the knowledge that there was no reasonable basis for its conduct, summary judgment is proper as to this cause of action.

**B. NRS § 686A.310**

NRS § 686A.310 lists specific actions taken by insurers that are deemed to be unfair practices.  Subsection 2 creates a private right of action, providing: "an insurer is liable to its insured for any damages sustained by the insured as a result of the commission of any act set forth in subsection 1 as an unfair practice."  NRS § 686A.310(2).  Here, Plaintiff alleges that American Family committed unfair practices, violating subsections (a), (c), (e), (f), (l), and (n) of NRS § 686A.310.  Like the claim of bad faith, however, Plaintiff fails to provide any evidence whatsoever to support its claim that American Family engaged in prohibited conduct.  Because Plaintiff has failed to provide evidence to support his allegations of violations of NRS § 686A.310, summary judgment is proper as to this cause of action.

4

## C.  Punitive Damages

Finally, American Family moves for summary judgment on Plaintiff's prayer for punitive damages.  Punitive damages are not an independent cause of action, but a form of relief dependent on Plaintiff's other claims.  Given the court's grant of summary adjudication on Plaintiff's bad faith and unfair practices claims, summary adjudication is also appropriate to Plaintiff's prayer for punitive damages as to such claims.

IT IS THEREFORE ORDERED that Defendant's Motion for Partial Summary Judgment (#26) is GRANTED with respect to Plaintiff's Second and Fourth claims for relief.

IT IS FURTHER ORDERED that the parties shall lodge their proposed joint pretrial order within thirty (30) days from entry of this Order.  *See* Local Rule 16-4 and 26-1(e)(5).

IT IS SO ORDERED.

DATED this 22nd day of June, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE